Eric STROHMEYER, Petitioner

v.

SURFACE TRANSPORTATION
BOARD and United States of
America, Respondents.

James Riffin, et al., Intervenors.

No. 13–1064.

United States Court of Appeals,
District of Columbia Circuit.

Dec. 30, 2013.

Eric Strohmeyer, Watchung, NJ, pro se.

Jeffrey D. Komarow, Raymond Allen Atkins, Craig Mitchell Keats, Surface Transportation Board (STB) Office of General Counsel, Adam Daniel Chandler, Robert B. Nicholson, U.S. Department of Justice, Washington, DC, for Respondents.

James Riffin, Timonium, MD, pro se.

Jacqueline Marie Holmes, Jones Day, John David Heffner, Strasburger & Price, LLP, Washington, DC, for Intervenors.

BEFORE: HENDERSON, BROWN, and SRINIVASAN, Circuit Judges.

## JUDGMENT

PER CURIAM.

This petition for review of an order of the Surface Transportation Board was considered on the briefs and appendix filed by the parties, and respondents' letter submitted under Federal Rule of Appellate Procedure 28(j). *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the petition for review of the decision of the Surface Transportation Board dated January 11, 2013 be denied. The Board's determinations whether a transaction qualifies for exemption "epitomize the types of decisions that are most appropriately entrusted to the expertise of an agency." *Central & Southern Motor Freight Tariff Ass'n v. United States,* 757 F.2d 301, 321–22 (D.C.Cir.1985) (per curiam). And here, petitioner and supporting intervenor have not demonstrated that the decision rejecting their Notice of Exemption is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, under the standard of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A). *See Central & Southern Motor Freight,* 757 F.2d at 321. In particular, in light of the applicants' proposal to limit their common carrier obligations to exclude the transport of toxic inhalation hazard commodities, the Board reasonably concluded the transaction needed to be thoroughly examined in a full certificate proceeding, rather than under the streamlined procedures for a class exemption. *See Riffin v. STB,* 733 F.3d 340 (D.C.Cir.2013); *Class Exemption for the Acquisition & Operation of Rail Lines Under 49 U.S.C. 10901,* 1 I.C.C.2d 810, 811, 816–17 (Dec. 19, 1985), *review denied sub nom. Ill. Commerce Comm'n v. ICC,* 817 F.2d 145 (D.C.Cir.1987).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.